# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**WILLIAM PUIG MARTÍNEZ, et al.,**

**Plaintiffs,**

**v.**

**NOVO NORDISK, INC.,**

**Defendant.**

**CIVIL NO. 17-1012 (GAG)**

## OPINION AND ORDER

Plaintiffs William Puig Martínez, Hernán Méndez Nazario, his wife Meralys Colón, and their conjugal partnership sued Defendant Novo Nordisk alleging wrongful discharge and employment discrimination. On January 26, 2018, Defendant moved to dismiss Plaintiff Puig's claims "on the basis of his failure to disclose this litigation as an asset during his bankruptcy proceedings." (Docket No. 53 at 1). Defendant also moved to amend its answer to the complaint to assert affirmative defenses related to Plaintiff's bankruptcy action. Id. For the reasons discussed below, Defendant's motion to dismiss as to standing is **DENIED** with prejudice. Its motion to dismiss as to judicial estoppel is **DENIED** without prejudice and the issue is deferred for consideration at the summary judgment stage.[1] Finally, Defendant's motion to amend its answer is **GRANTED**.

---

[1] The Court notes that this responds in part to Defendant's request at Docket No. 53 at 2, n. 2. ("However, should the Court decide to treat Defendant's motion as a motion for summary judgment, Defendant respectfully requests that it be given reasonable notice and opportunity to present material and argument pertinent to such motion.").

I. **Relevant Factual Background**

The following facts are taken from matters of public record. Plaintiff filed a Chapter 13 bankruptcy petition on May 28, 2015. Bankruptcy Case No. 15-03967. He averred that he had no "contingent and unliquidated claims of every nature." (Docket No. 54-4 at 2). In December 2016, while the bankruptcy case ran its course, Plaintiff sued Defendant alleging local and federal employment law violations. (Docket No. 1). The bankruptcy proceeding continued until June 26, 2017, when the bankruptcy court discharged Plaintiff's debts, discharged his Chapter 13 trustee, and closed the case. See Docket No. 54-2. Plaintiff never disclosed his claims against Defendant to the bankruptcy court during the six month overlap between both cases. See id. Defendant filed a motion to dismiss, arguing that the bankruptcy case deprives Plaintiff of standing and that his non-disclosure to the bankruptcy court judicially estops Plaintiff from bringing this case. (Docket No. 52).

II. **Standard of Review**

As courts of limited jurisdiction, federal courts must construe their jurisdictional grants narrowly. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). Consequently, the party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996); Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 132 (D.P.R. 2007). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6). Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres, 523 F. Supp. 2d at 132.

**Civil No. 17-1012 (GAG)**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See FED. R. CIV. P. 12(b)(6); Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

Although Defendant included exhibits in its motion to dismiss, the Court relies only on matters of public record, which "are fair game in adjudicating [motions to dismiss]." In re Colonial Mortg. Bankers Corp, 324 F.3d 12, 19 (1st Cir. 2003). This reliance "does not convert a motion to dismiss into a motion for summary judgment." Id.

### III. Discussion

Defendant argues that (1) Plaintiff lacks standing for this case because of his bankruptcy proceeding and (2) Plaintiff is judicially estopped from litigating this case because he failed to disclose it in his bankruptcy proceeding. Defendant also asks the Court for leave to amend its answer to the complaint to assert the affirmative defense of judicial estoppel necessary for its second argument to prevail.

A. Standing

Defendant wrongly argues that this claim was an asset for purposes of Plaintiff's bankruptcy case, and therefore the trustee, not Plaintiff, had standing to sue Defendant. (Docket No. 55 at 4).

A plaintiff must establish three elements for constitutional standing: actual or threatened injury, causal connection between the injury and the challenged conduct, and that a favorable Court decision can redress the injury. McInnis-Misenor v. Me. Med. Ctr., 319 F.3d 63, 67 (1st Cir. 2003). In the context of a Chapter 7 bankruptcy, "[i]t is common ground that when a cause of action belongs to the bankruptcy estate, the trustee has the exclusive right to assert it." In re Am. Cartage, Inc., 656 F.3d 82, 90 (1st Cir. 2011); see also Vidal v. Doral Bank Corp., 363 F. Supp. 2d 19, 22 (D.P.R. 2005) ("Courts have held that a Trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate.").

**Civil No. 17-1012 (GAG)**

However, "unlike a Chapter 7 debtor, a Chapter 13 debtor possesses standing—concurrent with that of the trustee—to maintain a non-bankruptcy cause of action on behalf of the estate." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 343 (4th Cir. 2013) (explaining the justifications for a different standard in Chapter 13 cases as opposed to Chapter 7); see also Smith v. Rockett, 522 F.3d 1080, 1081 (10th Cir. 2008) ("[B]ecause of these differences between Chapter 7 and Chapter 13 bankruptcies, the four circuit courts to consider this issue have all concluded that Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate.").

To support its argument, Defendant cites Vidal v. Doral Bank Corp., where the district court found lack of standing due to the plaintiff's Chapter 7 Bankruptcy case. 363 F. Supp. 2d at 22. However, here Plaintiff was a Chapter 13, not Chapter 7, debtor. As discussed above, the difference matters. Therefore, Plaintiff, as a Chapter 13 debtor, had standing to file this complaint. As to this matter, Defendant's motion to dismiss is **DENIED** with prejudice.

B. Judicial Estoppel

Defendant also asserts judicial estoppel against Plaintiff because he failed to disclose this litigation as an asset in his bankruptcy proceeding. Because there is a potential issue of material fact, the Court denies Defendant's motion without prejudice and defers resolution of the matter for summary judgment—if the parties decide to move for summary judgment. See Guay v. Burack, 677 F.3d 10, 15 (2012) (District court "defer[ed] resolution of the judicial estoppel issue until the factual record was better developed"); WRIGHT & MILLER 5 FED. PRAC. & PROC. CIV. § 1277 (3d ed.) ("[W]hen it is necessary to go outside the pleadings to establish or defend against a motion raising an affirmative defense, it can be done on a motion for summary judgment on the basis of a more fully developed record."). There may be an issue of fact as to whether the Bankruptcy court

granted debtor relief "on the basis of" Plaintiff's omission to the Bankruptcy court. Guay, 677 F.3d at 18.

As a preliminary matter, the Court agrees with Defendant that federal, not local, judicial estoppel law applies in this case. The controversy arises because "judicial estoppel appears neither clearly procedural nor clearly substantive, [thus] there may be a legitimate question as to whether federal or state law . . . should supply the rule of decision." Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32 (1st Cir. 2004). But while the First Circuit has not addressed the issue directly, it has assumed that federal law applies based on the parties' acquiescence and stated that it "would likely reach this same conclusion even without the parties' acquiescent behavior." Id. Moreover, other circuits have held that federal estoppel law, not local law, applies. See Flores-Febus, 45 F. Supp. 3d 175, 178 (D.P.R. 2014) ("[W]hile the First Circuit Court of Appeals has not ruled specifically on the issue, every other federal appellate court to have considered the question has held that the application of judicial estoppel in diversity cases implicates a 'strong federal policy' warranting reference to federal, rather than state, principles."). Therefore, the Court shall apply federal judicial estoppel law in this case.

Under federal law, judicial estoppel requires two conditions: "First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive." Guay, 677 F.3d at 16 (citing Alt. Sys. Concepts, Inc., 374 F.3d at 33). Failure to identify a claim as an asset in a bankruptcy proceeding satisfies the first requirement. As the First Circuit has held, it "is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding." Id. at 18. Here, Plaintiff clearly satisfies the first requirement because the public records show that he failed to disclose this case in his bankruptcy proceeding. (Docket No. 54-4 at 2).

But the second requirement is where the issue in this case becomes trickier: "the responsible party must have succeeded in persuading a court to accept its prior position." Id. at 16 (citing Alternative Sys. Concepts, 374 F.3d at 33). As to the meaning of "accept," the First Circuit has stated that "[a] bankruptcy court 'accepts' a position taken in the form of omissions from bankruptcy schedules when it grants the debtor relief, such as discharge, *on the basis of* those filings. Id. at 18 (emphasis added). And this is where the potential dispute of material fact arises. Plaintiff argues that the Bankruptcy court "did not rely on the information contained in the schedule when he ordered the discharge." (Docket No. 55 at 5). Instead, Plaintiff alleges that it relied on a certification that Plaintiff had paid off his debts. Id. In other words, Plaintiff argues that he was discharged despite his omission, not on the basis of it.[2] Defendant counters that merely discharging a debtor entails an acceptance on the basis of Plaintiff's omission. Further factual development and legal argumentation in the summary judgment context is warranted for the Court to decide if it should dismiss the case or not on judicial estoppel grounds. Hence, Defendant's motion is denied without prejudice.

C. Leave to Amend Answer

Defendant may amend its answer and assert the affirmative defense of judicial estoppel. Rule 15 of the Federal Rule of Civil Procedures states the Court "should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). Here it is clear that Plaintiff misinformed the Bankruptcy court by not listing this claim in his filing. It is also possible the Bankruptcy court discharged him *on the basis of* his filing. Therefore, justice requires allowing

---

[2]  Plaintiff fleetingly refers to the bankruptcy attorney's decision to move for an order discharging debt as opposed to a voluntary dismissal. Plaintiff implies this was a factor in "a botched bankruptcy proceeding," that is negatively affecting this case. (Docket No. 55 at 5). Plaintiff does not elaborate this point in his motion. As this decision may have impacted Plaintiff's ability to bring this claim, the Court requests additional clarification as to the bankruptcy action.

**Civil No. 17-1012 (GAG)**

Defendant to amend its complaint and assert estoppel. Plaintiff's conduct, if ultimately subject to judicial estoppel, should not go unpunished.

## IV. Conclusion

Defendant's motion to dismiss as to standing is **DENIED** with prejudice. Its motion to dismiss as to judicial estoppel is **DENIED** without prejudice and the issue is deferred for consideration at the summary judgment stage. Finally, Defendant's motion to amend its answer is **GRANTED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 11th day of April, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge